UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHANNES MEIJER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1655** |
| **STAFF PRO, LLC et al.** | **SECTION: "G"** |

### ORDER

Before the Court is Defendants Summit Hospitality I, LLC and Marriot International, Inc.'s (collectively, "Removing Defendants") Motion to Withdraw Notice of Removal.[1] On June 7, 2022, Removing Defendants filed a Notice of Removal, removing this action from the Civil District Court for the Parish of Orleans.[2] In the Notice of Removal, Removing Defendants asserted that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse.[3] In the instant motion, Removing Defendants aver that they recently learned that the members and managers of Defendant Staff Pro, LLC moved to Florida prior to filing the Notice of Removal.[4] Therefore, Defendant Staff Pro, LLC and Plaintiff are both citizens of Florida and complete diversity is destroyed. Removing Defendants ask to withdraw the Notice of Removal.

"[S]ubject matter delineations must be policed by the courts on their own initiative"[5] and

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 3.

[3] *Id.*

[4] Rec. Doc. 5 at 2.

[5] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

1

a "party may neither consent to nor waive federal subject matter jurisdiction."[6] The Court must remand this case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[7] Additionally, the removing party bears the burden of demonstrating that federal jurisdiction exists.[8] Based on Removing Defendants' representations, this Court lacks subject matter jurisdiction. Therefore, this matter must be remanded. Accordingly,

**IT IS HEREBY ORDERED** that Removing Defendants' motion is **GRANTED** and that the Notice of Removal is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that the case is remanded to the Civil District Court for the Parish of Orleans.

**NEW ORLEANS, LOUISIANA**, this __9th__ day of June, 2022.

                                      */s/ Nannette Jolivette Brown*
                                      **NANNETTE JOLIVETTE BROWN**
                                      **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**

---

[6] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[7] 28 U.S.C. § 1447(c).

[8] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).